UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO. 14-CV-20771-JEM

JENNIFER SANCHEZ, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

BODY CUT OF SOUTH FLORIDA, LLC, a
Florida limited liability company,
BODY BY ANIBAL, INC., a Florida corporation,
MICHAEL CALDERON, individually, and
AMAURY CALDERON, individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff Jennifer Sanchez ("Plaintiff") and Defendants Body by Anibal, Inc. ("Body by Anibal" or "the Company"), Michael Calderon, and Amaury Calderon (collectively "Defendants") (Plaintiff and Defendants collectively as the "Parties"), hereby agree upon this Settlement Agreement and General Release ("Agreement") as a settlement of all issues involved herein as follows:

  1.  **No Admission of Liability.** The Parties hereto recognize and agree that Defendants, as a part of this Agreement between the Parties, deny any wrongdoing or any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the complaint in Case Number 14-CV-20771-JEM, filed in the United States District Court for the Southern District of Florida, or Plaintiff's employment relationship with Body By Anibal, Inc.

CASE NUMBER 14-CV-20771-JEM

2. **Dismissal of Pending Actions.** For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice Case Number 14-CV-20771-JEM; and (2) not to re-file these causes of action or charges, or any other causes of action or charges against Defendants arising from matters that were encompassed or could have been encompassed or raised in Case Number 14-CV-20771-JEM.

3. **Consideration.** Body By Anibal, Inc. agrees to pay Plaintiff the total sum of Four Thousand Dollars ($4,000.00) along with other good and valuable consideration as described below as detailed in Paragraph 8 of this Agreement.

4. **General Release by Plaintiff.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and the total sum of Four Thousand Dollars ($4,000.00), and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff hereby acquits, releases, satisfies and discharges, on Plaintiff's own behalf and on behalf of anyone who could claim by and through Plaintiff, Defendants' insurers, predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future members, officers, directors, supervisors, managers, employees, agents, attorneys and representatives (hereafter collectively referred to as "Releasees"), in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, past, present, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and

CASE NUMBER 14-CV-20771-JEM

Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees by reason of any matter, cause, or thing whatsoever from the beginning of the world to the execution of this Agreement including, but not limited to, any and all claims which were actually asserted, or might have been asserted, by Plaintiff in Case Number 14-CV-20771-JEM. The Release by Plaintiff includes but is not limited to:

(A) Any and all claims for damages, salary, wages, compensation, overtime compensation, monetary relief, injunctive relief, employment, benefits, back pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorneys' fees and costs arising from her employment with Body By Anibal, Inc.

(B) Any and all claims growing out of, resulting from, related to, or connected in any way to Plaintiff's relationship and/or employment, with Body By Anibal, Inc. or Releasees, including any and all claims for any assault, physical touching, physical injuries, and for any form of discrimination, including, for example, sex, national origin, race, or disability discrimination, age discrimination, harassment of any kind, including sexual and national origin harassment, retaliation, unequal pay, whistle blowing, breach of contract, rescission, promises, defamation, libel, battery, slander, intentional infliction of emotional distress, workers' compensation retaliation, negligent hiring, negligent retention,

CASE NUMBER 14-CV-20771-JEM

discrimination, claims or rights under state and federal whistle blower legislation, including Section 448.101-448.105, Fla. Stat., Section 440.205, Fla. Stat., the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Americans with Disabilities Act ("ADA"), the Equal Pay Act ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Fla. Stat., the Fair Labor Standards Act ("FLSA"), the National Labor Relations Act ("NLRA"), the Miami-Dade County Code, and any other claim of any kind.

5. **No Future Employment.** As part of the settlement, Plaintiff specifically waives any present and future claim to reinstatement or employment with Body By Anibal, Inc., Releasees, or any subsidiaries or related entities at any time in the future. As part of this Agreement, Plaintiff further specifically agrees, as a condition of Plaintiff's receipt and retention of the sums provided for herein, not to knowingly seek employment with Body By Anibal, Inc. or Releasees at any time in the future.

6. **Non-Disparagement.** Plaintiff agrees that she will not make any disparaging remarks that might have a harmful effect on the reputation of Defendants or Releasees, whether orally or in writing, including its related entities, members, officers, managers, supervisors and employees, to any persons whatsoever. Defendants agree that they will not make any disparaging remarks that might have a harmful effect on the reputation of Plaintiff, whether orally or in writing.

7. **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for the payment of any and all federal, state and local taxes or contributions which may hereafter be

CASE NUMBER 14-CV-20771-JEM

imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Body By Anibal, Inc. to Plaintiff pursuant to the terms of this settlement between the Parties. Further, Plaintiff agrees to indemnify Body By Anibal, Inc. for any liability which it incurs as a result of Plaintiff's failure to pay taxes or if any portion of the settlement funds are later deemed to constitute wages for Plaintiff.

8. **Payment**. It is further agreed and understood that the consideration in the amount of Four Thousand Dollars ($4,000.00) will be paid in the following manner:

   a. Defendants shall pay Plaintiff the total amount of $1,500.00, within five (5) days of the Court approving the Parties' Joint Motion for Approval of Settlement;

   b. Defendants shall pay Plaintiff the total amount of $1,250.00, within thirty (30) days after the payment in Paragraph 8(a) of this Agreement becomes due and owed;

   c. Defendants shall pay Plaintiff the total amount of $1,250.00, within sixty (60) days after the payment in Paragraph 8(a) of this Agreement becomes due and owed;

   d. The funds shall be payable to the **Trust Account for Militzok & Levy, P.A.**. The funds shall be sent in good and immediately useable funds to 3230 Stirling Road, Hollywood, Florida 33021.

   e. As a material term to this Agreement, Defendants agree and acknowledge that failure to timely pay and delivery any installment or make any payment due pursuant to Paragraph 8(a) – (c), above, shall constitute a default under, and breach of, this Agreement. Should such a default / breach occur, Plaintiff shall be entitled, upon the filing of a verified motion attesting to the default / breach, to the

CASE NUMBER 14-CV-20771-JEM

entry on an ex parte basis of a Final Judgment against the Defendants, jointly and severally, for any and all amounts owed under this Agreements (less payments made pursuant to this Agreement), plus a liquidated damages in the mount of Two Thousand Five Hundred Dollars ($2,500.00), as well as the reasonable attorneys' fees and costs incurred by the Plaintiff as a result of the default / breach of this Agreement.

Plaintiff agrees and acknowledges that payment of the sum as set forth above shall constitute effective and sufficient consideration, which receipt Plaintiff hereby acknowledges, for this Settlement Agreement and General Release. Further, Plaintiff agrees that the allocation or distribution of such payment between Plaintiff and Plaintiff's counsel, Militzok & Levy, P.A., are solely matters between and within the discretion of Plaintiff and Plaintiff's counsel and Defendants shall have no responsibility or liability related thereto. Further, Plaintiff represents and warrants that the above allocation is a fair, accurate and reasonable allocation among the various claims released by Plaintiff herein.

9.      **Confidentiality.** All Parties agree that they will maintain in strict confidence the existence of, and the terms and conditions of, this Agreement, and shall not disclose the existence of, or the terms or conditions of, such document to any person except as required by law, pursuant to binding Court order or subpoena or tax authority demand. All Parties may respond to inquiries that the lawsuit "has been resolved," but provide no other details about the settlement. Plaintiff agrees that notice of receipt of a judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

10. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of Florida, and shall bind the Parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than paragraphs 3 and 4, as to which all monies paid hereunder must be returned to Body By Anibal, Inc. if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

11. **Necessary Actions For Dismissal.** Plaintiff and Plaintiff's attorneys, Militzok & Levy, P.A., covenant and agree to execute all papers and do all things necessary to voluntarily dismiss Case Number 14-CV-20771-JEM with prejudice, and any related cases or charges before the Court or any other administrative agency.

12. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement.

13. **Important Acknowledgments.** It is further understood and agreed that the sum of Four Thousand Dollars ($4,000.00) and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiff hereby represents and warrants that she has entered into this Agreement of her own free will and accord, and in accordance with her own judgment, and after consultation with her attorneys. Plaintiff hereby states that she and her counsel have made a full and independent investigation of all the facts and representations relating to this Agreement and Release, and therefore state that she has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part

of Defendants, or on the part of their agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiff specifically states that the Parties jointly prepared this Agreement and they are executing this Agreement knowingly and voluntarily.

14. **Venue.** The Parties hereto acknowledge that this Agreement is enforceable in the state courts of Florida. Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being residents of Miami-Dade County, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Miami-Dade County, Florida. The Southern District of Florida shall concurrently retain jurisdiction to enforce this Agreement.

15. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or Parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

16. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

17. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

CASE NUMBER 14-CV-20771-JEM

18. Plaintiff understands, represent and agree that she:

    (A) Has carefully read and fully understands all of the provisions of this Agreement;

    (B) Is, through this Agreement, releasing Defendants and Releasees, from any and all claims that Plaintiff may have;

    (C) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    (D) Knowingly and voluntarily intends to be legally bound by this Agreement;

    (E) Was advised to consider the terms of this Agreement with counsel, prior to executing this Agreement; and

    (F) Is duly authorized and has full authority to execute this Agreement.

**Agreed and Accepted by:**

**PLAINTIFF:**

06/04/2014
Date

*Jennifer Sanchez* (signature)
Jennifer Sanchez

**DEFENDANTS:**

Body By Anibal, Inc.

_____     By: _____
Date

Michael Calderon

_____     _____
Date                        Michael Calderon

Amaury Calderon

_____     _____
Date                        Amaury Calderon

CASE NUMBER 14-CV-20771-JEM

Agreed and Accepted by:

PLAINTIFF:

_____        _____
Date                                                                          Jennifer Sanchez

DEFENDANTS:

Body By Anibal, Inc.

__6/9/2014_____     By: _[signature]_____
Date

Michael Calderon

__6/9/2014_____     _[signature]_____
Date                                                                         Michael Calderon

Amaury Calderon

__6/9/2014_____     _Amaury Calderon [signature]_____
Date                                                                         Amaury Calderon

#3545101 v1